### FRAUD IN THE SALE OF WOOL.

[Circuit Court of Guernsey County.]

## JOHN HOGUE v. STATE OF OHIO.

Decided, April Term, 1902.

*Criminal Law—Fraud in the Sale of Wool—Requisites of Indictment Under Section 7069-3—Insufficient Indictment—Effect of a Plea of Guilty to—Motion in Arrest of Judgment Must be Granted—Notwithstanding Fine and Costs Have Been Paid.*

1. An indictment charging fraud in the sale of wool under Section 7069-3 must allege that unwashed wool was sold as washed wool, and that the fleeces were wrapped in a manner calculated to defraud, and there must be definite and certain statements as to substances alleged to have been concealed in the fleeces.
2. A motion in arrest of judgment must be sustained where entered under a plea of guilty to an insufficient indictment, and this is true notwithstanding the fine and costs imposed have been paid.

COOK, J.; BURROWS, J., and LAUBIE, J., concur.

John Hogue was indicted for the fraudulent sale of wool. His attorney waived arraignment and entered a plea of guilty for him, he being present in court at the time. He was adjudged to pay a fine and the costs of suit and now prosecutes this proceeding in error to reverse the judgment of the common pleas court.

The indictment was found under Section 7069-3, Revised Statutes. This section provides:

"That it shall be unlawful for any person or persons to sell any wool washed on sheep's back or otherwise containing any unwashed tag-locks or any unwashed wool of any kind, or black wool or part of buck fleeces, or other substance foreign to the fleece or fleeces, which is calculated and intended to defraud the purchaser thereof."

The charging part of the indictment sets forth:

"That John Hogue, late of said county, on June 14, 1901, unlawfully sold wool containing unwashed wool and parts of buck's fleeces and other substances foreign to the fleeces of said wool, to one John Davidson with intent then and there, and thereby him, the said John Davidson, to defraud."

The selling of unwashed wool as unwashed wool would certainly be no offense; and the same might be said of the sale of fleeces of black wool or parts of buck's fleeces. The intent of the Legislature was to provide that a party should not fraudulently wrap up in a fleece of wool sold as unwashed wool, and supposed to be cleansed from all worthless or inferior substances, the very substances from which it is expected to be free.

This indictment is again defective for the reason that it does not plead the important fact that the wool so sold was put up in a manner calculated to defraud the purchaser. The indictment does not aver that the wool was sold with the intent to defaud, but that is not enough; it must not only be sold with the intent to defraud, but it must be put up in such a manner that the fleece or fleeces containing these inferior qualities and worthless substances would be calculated to defraud the purchaser. However much a fraud was intended, if the sale was not made in a manner calculated to defraud, no crime was committed. As suggested by counsel, if the unwashed wool, tag-locks or parts of buck's fleeces were wrapped upon the outside of the fleece or fleeces and the washed wool was within, no one would be deceived and no offense committed. The gravamen of the offense is in the wrapping up of the fleece or fleeces in a manner calculated to defraud. The indictment is wholly silent in this important particular.

Again, the indictment charged the accused with selling wool "containing unwashed wool and parts of buck's fleeces and other substances foreign to the fleeces of said wool." What other substances foreign to the fleeces? The indictment should be definite and certain. The accused had a right to be informed as to the character of the substances alleged to be secretly placed among the wool sold. It is not always good pleading to make the averment in the language of the statute. If the language of the statute is of such a character as to inform the accused fully and distinctly of the facts upon which the state relies, then it is sufficient; if it is not, then it is insufficient. *Sutcliffe* v. *State,* 18 Ohio, 469; *Sharp* v. *State,* 19 Ohio, 379; *Lougee* v. *State,* 11 Ohio, 68, 69; *Lamberton* v. *State,*

11 Ohio, 282; *Poage* v. *State,* 3 Ohio St., 229; *Dillingham* v. *State,* 5 Ohio St., 280.

This language is not surplusage. The accused might be convicted of placing unwashed wool, parts of buck fleeces or "other substances foreign to the fleeces of said wool." Proof óf placing any one of the objectionable substances in the fleeces would be sufficient to sustain the indictment if properly pleaded. The indictment is insufficient in all three of the particulars referred to.

The next question is, what is the legal effect of the plea of guilty by the counsel of the accused and the payment of the fine and costs? If the accused had been convicted by a jury, the verdict would have been of no avail, although the accused had submitted voluntarily to a trial without interposing any objection to the indictment. A motion in arrest of judgment must have been sustained; and, even if no motion in arrest of judgment had been made, advantage could be taken of the defect in the indictment upon a petition in error.

We think a motion in arrest of judgment must have been sustained after the plea of guilty. The indictment being wholly insufficient, there was nothing to base the action upon. The accused did not plead guilty to any crime, but to an indictment hat charged no crime. He could not plead the judgment in bar of another prosecution and perhaps might have been released from imprisonment by a writ of *habeas corpus* had he been imprisoned for failure to pay the fine and costs. The fact of the accused paying the fine and costs could not validate the judgment. Such payment would of necessity be involuntary as made under duress to prevent imprisonment.

In 17 Am. & Eng. Enc. Law (2d Ed.), 588, under the head of "Jeopardy," it is said:

"So where the indictment or information is so defective in form or substance that it will not support a valid judgment, it can not form the basis of proceedings which will put the defendant in jeopardy, and bar another prosecution."

A large number of authorities are cited to sustain the text.

In *Davis* v. *State,* 19 Ohio St., 270, the defendants were indicted for violating the law against gaming. The indictment

contained two counts—one for keeping a room to be occupied for gambling, etc.; and the second for keeping and exhibiting gaming devices, etc. The accused pleaded not guilty to the first count and guilty to the second count of the indictment, and judgment was entered upon the plea of guilty. Thereupon the court entered a *nolle prosequi* to the first count of the indictment. Upon petition in error filed in the Supreme Court the error assigned was the insufficiency of the indictment. The Supreme Court held the indictment insufficient to charge a crime, reversed the judgment and discharged the accused. The question as to the effect of the plea of guilty was not raised or decided, it being assumed no doubt that it had no different effect than that of the verdict of a jury.

The conclusion to which we have come makes it unnecessary to consider the question as to whether or not an attorney has authority to enter a plea of guilty to an indictment with the consent of the accused.

The judgment of the common pleas court is reversed at the cost of the state and the plaintiff in error is discharged.

*Bowers & Buchanan* and *Fred. L. Rosemond,* for Hogue.

*A. L. Stevens,* Prosecuting Attorney, contra.